UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>DERRICK STOKES | No. 3:19-cr-307 (SRU) |

## RULING ON MOTION FOR COMPASSIONATE RELEASE

Derrick Stokes, currently incarcerated in Danbury FCI, filed the instant motion for compassionate release. Stokes argues that his responsibilities as caregiver to his disabled mother and sister, the heightened severity of his sentence due to the COVID-19 pandemic, and his extraordinary rehabilitation warrant a reduction of his sentence to time served under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). *See* Mot. for Sentence Reduction, Doc. No. 122.

The government opposes the motion on the grounds that Stokes has not demonstrated extraordinary and compelling reasons to warrant a sentence reduction, and that the 18 U.S.C. § 3553(a) factors counsel against release. *See* Opp. to Mot. for Sentence Reduction., Doc. No. 127.

For the reasons set forth below, Stokes's motion for compassionate release is **GRANTED**.

Stokes's term of imprisonment is reduced to **TIME SERVED.**

## I. Background

On March 24, 2021, Stokes plead guilty to one count of conspiracy to possess with intent to distribute 28 grams or more of cocaine base, in violation of 28 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(iii), an offense carrying a 5-year mandatory minimum term of imprisonment. *See*

Doc. No. 101. On August 12, 2021, I sentenced Stokes to a term of imprisonment of 6 years, a term of supervised release of 4 years, and a special assessment of $100. *See* Doc. No. 114.

On February 13, 2023, Stokes, through counsel, submitted a letter to the Warden of FCI Danbury requesting that Stokes be granted compassionate release and released to home confinement. *See* Ex. B to Mot. for Sentence Reduction, Doc. No. 120-2. To date, the court is not aware of any response by the Warden to this request.

On August 10, 2023, Stokes filed a motion for compassionate release under the First Step Act. *See* Mot. for Sentence Reduction, Doc. No. 122. The government opposed this motion on September 13, 2023. *See* Opp. to Mot. for Sentence Reduction., Doc. No. 127. Stokes filed a reply on September 28, 2023, and then filed two supplemental memoranda in support of his motion on October 29 and December 19, 2023. *See* Reply, Doc. No. 129; First Suppl. Mem., Doc. No. 134; Second Suppl. Mem, Doc. No. 135.

**II. Standard of Review**

As amended by the First Step Act, 18 U.S.C. § 3582 authorizes sentencing courts to reduce a term of imprisonment if, after considering the applicable factors set forth in section 3553(a), it concludes that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A court may make such a modification only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

The applicable policy statement for compassionate release is found in U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.13 and Commentary. That section was amended, effective November 1, 2023, and now provides an expanded list of "extraordinary and compelling reasons" warranting compassionate release. *See* U.S.S.G. § 1B1.13.

The defendant bears the burden of proving that he or she is entitled to a sentence reduction. *United States v. Morales*, 2020 WL 2097630, at *2 (D. Conn. May 1, 2020) (internal citations omitted).

**III. Discussion**

As a preliminary matter, Stokes's request to the Warden for compassionate release was denied by the Warden on September 25, 2023. *See* Ex. R to Mot. for Sentence Reduction, Doc. No. 129-2. Therefore, Stokes has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) and his motion for a reduction of his sentence may be considered by the court.

Regarding the substance of Stokes's motion, I am convinced that extraordinary and compelling circumstances warrant a reduction of Stokes's sentence to time served, and that the 3553(a) factors do not counsel against a reduction of Stokes's sentence.

First, Stokes is the only available caregiver for his physically disabled mother and his intellectually disabled sister, who live together in Connecticut. Guidelines Section 1B1.13 provides that "the incapacitation of the defendant's parent" or "another immediate family member" may constitute grounds for compassionate release "when the defendant would be the only available caregiver" for that parent or family member. U.S.S.G. § 1B1.13(b)(3)(C) and (D). Although Mr. Stokes and his mother have other family members who live in Connecticut, none is "available" to serve in a caregiving capacity because of their work and familial obligations, and their own health issues. *See* Mot. for Sentence Reduction, Doc. No. 122, at 6. The

government argues that the court should discredit Stokes's assertion that he is the only available caregiver for his mother and sister because they have not had his assistance since 2019, when he was initially incarcerated, and therefore must presumably be receiving other forms of assistance. *See* Opp. to Mot. for Sentence Reduction., Doc. No. 127, at 19. However, Stokes explains that his mother's health has deteriorated in the years that he has been incarcerated, and he submitted letters from his brother and his aunt that confirm his mother's worsened physical state and their inability to provide adequate care in Stokes's absence. *See* Exs. S and T to Mot. for Sentence Reduction, Docs. No. 129-2 and 129-3. Stokes also reports that he plans to live in the same apartment building as his mother and sister after his release in order to provide care and support their daily activities.

    Second, Stokes argues that his sentence should be reduced because the COVID-19 pandemic has "made [his] incarceration harsher and more punitive than would otherwise have been the case." Doc. No. 122, at 12. Stokes's motion details the numerous lockdowns that he has experienced while incarcerated, making his incarceration undoubtedly more punitive than it otherwise would be. And, though the effects of the COVID-19 pandemic are less severe now than they once were, the pandemic has not entirely subsided. The government points out that the court was aware at the time Stokes was sentenced in 2021 of the harsh pandemic-related conditions of confinement. Doc. No. 127, at 8. However, it would have been impossible to predict in 2021 just how long the pandemic would last and its effects would linger in the BOP. *See United States v. Ortiz,* 2023 WL 2229262, at *6 (S.D. Cal. Feb. 24, 2023) ("While much of the world has reverted to pre-pandemic normalcy, life in BOP custody has not—if it ever will."). Additionally, Stokes has been in custody since 2019, and has therefore felt the full effects of the COVID-19 pandemic. The additional punishment that Stokes has endured as a result of his

incarceration during the COVID-19 pandemic is another factor that, in combination with the other factors Stokes points to in his motion, justifies a reduction of his sentence.

Third, Stokes's rehabilitation "in combination" with his family circumstances and the effects of the COVID-19 pandemic further supports a reduction of his sentence to time served. *See* U.S.S.G. 1B1.13(d). While in BOP custody, Stokes has successfully completed numerous vocational, educational, and psychological programs, and has a maintained a discipline-free record. *See* Mot. for Sentence Reduction, Doc. No. 122, at 17-18. Stokes's rehabilitation cannot alone amount to extraordinary and compelling circumstances that warrant a reduction of his sentence, but together with the other factors described above, his positive behavior while incarcerated supports a finding of extraordinary and compelling circumstances.

Finally, I must also consider the factors set forth in 18 U.S.C. § 3553(a). Mr. Stokes is seeking only a minor reduction of his sentence. He has been incarcerated continuously for over four years in state and federal custody, and has served almost 40 months of his federal sentence. According to the BOP website, Stokes is scheduled to be released on November 22, 2024. See https://www.bop.gov/inmateloc/ (last accessed Jan. 17, 2024). Moreover, Stokes will still serve a 4-year period of supervised release after his release from custody. *See* Judgment, Doc. No 114. Stokes therefore has served a substantial period of incarceration, and will remain under the supervision of the court even after his incarceration. I am therefore satisfied that a reduction of Stokes' sentence will not undermine the need to provide just punishment, to protect the public from further crimes, to adequately deter criminal conduct, and to provide Stokes with opportunities for rehabilitation.

## IV. Conclusion

Stokes's motion for a sentence reduction under the First Step Act is **granted,** and his term of imprisonment is reduced to **time served**.

All other provisions of the Judgment dated September 9, 2021 shall remain in effect.

It is so ordered.

Dated at Bridgeport, Connecticut, this 19th day of January 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
